THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD MAHONEY, Appellant.

Third Department, May 20, 1971.

*Pinckney, Cheeseman & McDermott* (*Paul E. Cheeseman* of counsel), for appellant.

*Arnold W. Proskin, District Attorney* (*James F. Downs* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a judgment of the County Court of Albany County, rendered May 18, 1970, upon a verdict convicting defendant of the crimes of burglary in the third degree and grand larceny in the second degree.

The appellant was accused, together with one Edward Gilchrist, of burglarizing and removing a safe from the Star Super Market on North Pearl Street in the City of Albany, New York. The testimony implicating appellant in the commission of the crimes came from the codefendant, Gilchrist, who pleaded guilty to the indictment, and one John Miley. The issues on this appeal are: (1) whether the trial court committed prejudicial error in determining as a matter of law that Miley was not an accomplice; (2) whether the trial court, in the course of its charge, may have removed the question of Miley's credibility from consideration by the jury; and (3) whether the trial court committed prejudicial error in failing to strike the testimony from the record of one Davis.

Gilchrist testified that he and the appellant burglarized and removed the safe from the Star Super Market. They initially moved the safe to premises on Second Avenue. On the following evening, with the assistance of Miley and a fourth person, they removed the safe to a garage where, with the help of a fifth person, the safe was opened, and its contents distributed among the five present.

The prosecution contends that the necessary corroboration of Gilchrist's testimony was provided by the witness Miley. He testified that he did not participate in the burglary nor did he help in removing the safe from the market. In fact, it was his testimony that his assistance was solicited by the appellant and Gilchrist on the evening following the burglary to remove a heavy object covered with a blanket to a garage where he first discovered that the object was a safe. The trial court refused appellant's requested instruction which would permit the jury to determine whether Miley was also an accomplice whose testimony required corroboration.

A witness is an accomplice if the evidence establishes that he criminally participated with the defendant in the commission of the crime charged against the latter (see *People* v. *White,* 26 N Y 2d 276; *People* v. *Rossi,* 11 N Y 2d 379). While it is clear that Miley was jointly involved with Mahoney and Gilchrist in criminal activity connected with the original larceny and burglary, the only evidence in the record indicates that Miley was not an accomplice, but an accessory after the fact.

Under present New York law, an accessory after the fact is not an accomplice. (See *People* v. *Swersky,* 216 N. Y. 471.) Nowhere in the trial was there any testimony that Miley either took part in or encouraged the burglary and larceny of the safe.

Nor do we find substance in appellant's contention that the trial court's charge removed the question of Miley's credibility from the jury's consideration. In the total context, the jury was instructed that they were the ultimate arbiters of the witness' credibility. Simply because the court made certain that the jury appreciated the critical nature of Miley's testimony, does not necessitate the conclusion that the jury failed to perceive their responsibility.

Similarly, we do not find error in the trial court's refusal to strike the testimony of Davis. He testified that about the middle of May, 1969, two persons appeared at his place of business, Barney's Speed Shop, and rented a tank of oxygen, used for cutting metal, but he could not describe either of the men other than to say that they were a "Mutt and Jeff" pair. This testimony was competent since Gilchrist testified that after moving the unopened safe to a garage, appellant and one Rogers left and went to Barney's Speed Shop and returned with a tank of oxygen which was used with a torch to cut a hole in the safe. Furthermore, Miley testified that Rogers and the appellant went to a "speed shop" on Clinton Street to obtain a cutting torch.

Nor is there merit in appellant's contention that reversible error was committed by the trial court when it permitted the prosecution to disclose that the accomplice Gilchrist had pleaded guilty to the same crime. No objection was made by appellant. (Cf. *People* v. *Colascione,* 22 N Y 2d 65, 73.) Furthermore, the trial court charged the jury that Gilchrist's plea of guilty "to the crimes charged under the indictment pursuant to which the defendant is now standing trial * * * may be considered by you on the question of his credibility, that is to say whether or not you believe him." Appellant took no exception to this portion of the charge.

The cases cited by appellant are inapposite since, unlike the case at bar, the trial records therein contained cumulative errors which required new trials in the interests of justice.

The judgment should be affirmed.

HERLIHY, P. J., REYNOLDS, COOKE and SIMONS, JJ., concur.

Judgment affirmed.