■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MARK ROBINSON, Respondent.— Appeal by the People, as limited by their brief, from so much of an order of the County Court, Dutchess County, dated June 7, 1973, as, upon defendant's motion, dismissed the second count of the indictment, which charged assault in the first degree, in violation of subdivision 3 of section 120.10 of the Penal Law. Order reversed insofar as appealed from, on the law, and branch of defendant's motion which was to dismiss the second count denied. Testimony given to the Grand Jury established that defendant, from a distance of about six feet, shot the complainant with a .22 caliber rifle and then stated he was sorry and did not know the rifle was loaded. The complainant was wounded in the neck and chest area and hospitalized for six and a half days. The County Court dismissed the second count of the indictment, stating that subdivision 3 of section 120.10 of the Penal Law " is designed to impose criminality in those cases where the crime of assault in the first degree is based upon reckless conduct under circumstances evincing a depraved indifference

to human life in a general and indiscriminate way thus putting *many* lives in jeopardy" (emphasis supplied). We disagree. Subdivision 2 of section 1044 of the former Penal Law and its predecessor section defined murder in the first degree as the killing of a human being "by an act imminently dangerous to others". The quoted phrase has been construed to require conduct putting the lives of "many" in jeopardy (see *People* v. *Ludkowitz,* 266 N. Y. 233; *People* v. *Jernatowski,* 238 N. Y. 188, 193; *Darry* v. *People,* 10 N. Y. 120, 146). The present Penal Law, in those sections defining culpability of a person who recklessly engages in conduct under circumstances evincing a depraved indifference to human life, requires conduct that "creates a grave risk of death to another person" (Penal Law, §§ 125.25, subd. 2; 120.10, subd. 3; 120.25). The change in terminology employed in the present Penal Law renders nugatory the contention that to sustain a charge of assault in the first degree a defendant's conduct must put "many" lives in jeopardy (cf. *People* v. *Poplis,* 30 N Y 2d 85; *People* v. *Graham,* 41 A D 2d 226, 228). Gulotta, P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.