■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVERNON LE GRAND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 29, 1977, convicting him of murder under former subdivision 2 of section 125.25 of the Penal Law (causing death "under circumstances evincing a depraved indifference to human life"), upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was accused of having murdered his former wife. The evidence established that defendant resided in a large house with his wife, his former wife, their children and several other adults. He arrived home in a drunken state, called out for his former wife several times, cursing her, and proceeded to an upstairs bedroom to find her. He was then heard cursing her and she was heard pleading with him to stop hitting her; he was seen hitting and kicking her down the stairs. Her body came to rest on a landing; she was bruised, apparently unconscious and bleeding. The next day she was found by defendant's wife in a bedroom in their house, beaten and lifeless. Defendant instructed his wife to clear the house of its several inhabitants, which she did, and then she heard "plopping" sounds on the stairs, which was apparently the noise of defendant taking the body to the basement. The next day, defendant again directed his wife to clear the house and to prevent anyone from observing him, which she did. While defendant was in the basement, his wife could hear chopping noises; she then saw the defendant bring two large bloodied plastic garbage bags out of the house, put them into the trunk of his vehicle and drive away. Defendant was indicted for both intentional murder (count one) and murder "under circumstances evincing a depraved indifference to human life" (count two) (Penal Law, former § 125.25, subds 1, 2). The trial court denied defendant's requests to: (1) dismiss the second count of the indictment; (2) charge the jury that defendant's intoxication could be considered with relation to his ability to act in a manner evincing a depraved indifference towards human life in its deliberations with regard to the second count; (3) charge the jury as to the elements of manslaughter in the second degree, as a lesser included offense of murder under count two of the indictment; and (4) consider defendant's wife to have been an accomplice and charge the jury as to the need for corroboration of her testimony. It is our opinion that these rulings, alleged by defendant to have been erroneous, were correct. Defendant contends that the essence of "depraved indifference" murder is the taking of action that places many in danger, that generally a single homicidal act directed at a particular individual does not constitute this crime and that the facts of this case do not support the charge. It has been held by this court, and by the Court of Appeals, that the element of "depraved indifference" murder which defendant claims is herein lacking, imperiling a multitude, is not necessary to support a charge or conviction of this crime (see *People v Robinson*, 43 AD2d 963; *People v Kibbe*, 35 NY2d 407; *People v Poplis*, 30 NY2d 85). The element of the crime of murder as it was charged in the second count of defendant's indictment, acting "under circumstances evincing a depraved indifference to human life", is a qualitative judgment to be made by the jury in determining the extent of defendant's criminal action; it is not a description of the *mens rea* involved in the commission of the crime, which would appear to be supplied by the further requirement that the perpetrator acted "recklessly". Accordingly, acting "under circumstances evincing a depraved indifference to human life" is not an element of a crime which may be negated by intoxication (see Penal Law, § 15.25). It is significant, in this respect, we think, that the Legislature has specifically excepted the element of acting "recklessly" from those

elements of crimes which may be negated by intoxication (Penal Law, § 15.05, subd 3). The trial court took note of the fact that the Statute of Limitations had run with regard to the crime of manslaughter in the second degree and agreed to comply with defendant's request to charge that crime as a lesser included offense of the second count of murder, only if defendant would waive the Statute of Limitations defense; defendant refused and the trial court did not give the charge requested. We find no merit in defendant's argument that this constituted error. Under the circumstances herein presented, a charge of manslaughter in the second degree as a lesser included crime would have been a useless gesture, since the only crime for which defendant could possibly have been found guilty was murder (cf. CPL 300.50). If defendant was in fact desirous of having a viable lesser included crime submitted to the jury (i.e., manslaughter in the second degree), he could have accepted the ultimatum which was properly offered to him by the trial court. Since he refused, he cannot be heard to object to the trial court's ruling. Finally, the trial court properly refused to consider defendant's wife to have been an accomplice to his criminal actions. To be so considered, she would have had to have in some manner participated with him in the commission of the offense charged, or "[a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (see CPL 60.22, subd 2, par [b]). Mrs. Le Grand did not so act. She failed to report the commission of the crime and prevented the attendance of witnesses to the disposal of the body. That conduct is not considered accessorial and the individual so acting is not an accomplice (see *People v Dunn,* 53 Hun 381, 385). We have considered the other claims asserted by defendant and have found them to be without merit. Mollen, P. J., Titone, Suozzi and Rabin, JJ., concur.