■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SANTORO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered April 19, 1978, convicting him of murder under former subdivision 2 of section 125.25 of the Penal Law, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was indicted and convicted of the "depraved mind" murder of Anthony Aiello, the three-year-old son of his paramour. The victim's mother, Sadie Aiello, was the principal witness for the prosecution. She testified that defendant had moved in with her in January, 1970, and had taken charge of the feeding and "discipline" of Anthony. The "discipline" included frequent beatings which resulted in serious injuries and the infant's hospitalization on two occasions. In February, 1971 she moved out with her children because of her concern about Anthony's well-being. However, she returned with the children to live with defendant on March 1, 1971. On March 11th Anthony died after being beaten and strangled by the defendant. Defendant and Sadie Aiello initially told the police that Anthony's death was caused by his fall down a flight of stairs. Six years later she appeared at the District Attorney's office and reported the truth about the events of March 11, 1971. In our opinion, the trial court correctly charged the jurors that they were to decide, as a matter of fact, whether Sadie Aiello was an accomplice whose testimony required corroboration (see CPL 60.22). We cannot agree with defendant that Sadie Aiello was an accomplice as a matter of law. Neither her decision to return to live with defendant nor her conduct in concealing from the police the true facts concerning her son's death constituted participation in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged (see CPL 60.22; *People v Le Grand*, 61 AD2d 815). Since the evidence did not conclusively establish that Sadie Aiello was guilty of such an offense by virtue of her conduct on March 11, 1971, the issue of her complicity was properly submitted to the jury (see *People v Basch*, 36 NY2d 154). We agree with defendant that the court's charge on the definition of "recklessly" was misleading. However, since no exception to the charge was taken, the

question was not preserved. Moreover, the court, in a response to an inquiry from a juror subsequently correctly charged the definition of "recklessly" and thus cured any ambiguity. The trial court properly admitted evidence of defendant's prior assaults on the victim to negative the defense of "accident" (see *People v Henson,* 33 NY2d 63). Defendant's remaining contention is without merit. Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur.