■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BERNARD MATHIS, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered December 4, 1978, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree. Defendant signed a confession detailing his activities during the early morning hours of April 21, 1978, which led to the death of a department store security guard in Binghamton, New York. His motion to suppress the statement was denied following a hearing and the propriety of that ruling is challenged on this appeal. Acting without a warrant, Binghamton police officers arrested defendant at about 9:30 P.M. on April 23, 1978 in the City of Syracuse. He was given *Miranda* warnings, "booked" in that locality, and returned to Binghamton shortly after midnight. Some 45 minutes later, defendant was seen to be "staring at the wall [and he] * * * mumbled something about taking some pills", but none were discovered. He was then taken to a hospital where a stomach pump procedure failed to reveal evidence of any pills. Transported back to the police station, defendant signed a written waiver of his rights at 2:28 A.M. and questioning began for the first time. Approximately two and one-half hours later, based on his responses, the disputed statement was completed and presented to him for execution. Defendant asked and was permitted to telephone his sister. The confession was thereafter signed between 5:00 and 5:30 A.M. It included an admission that he had feigned a drug overdose because, fearing possible police abuse, he wanted hospital personnel to observe his physical condition. The foregoing circumstances were related by one of the arresting officers, while the balance of the hearing testimony consisted of expert opinions on the subject of defendant's mental health. The trial court accepted the officer's version of events and found that defendant had made a knowing, intelligent and voluntary waiver of his rights. Although a psychiatrist who examined defendant on May 3, 1978, was of the view that he was a paranoid schizophrenic and, therefore, unable to give a voluntary statement, a psychologist who examined him two days earlier flatly disagreed with that diagnosis. He found defendant to be of normal intelligence, with ability to understand and reason. Thus, the trial court was presented with sharply divergent portrayals of defendant's mental capabilities. Since it does not appear that either conclusion was demonstrably ill founded, we cannot fault its apparent acceptance of the psychologist's estimation of his capacities. Moreover, even if it is assumed that defendant suffered from some form of mental instability or retardation, it does not necessarily follow that he could not voluntarily and rationally waive his rights (cf. *People v Grover,* 73 AD2d 819; *People v Byrne,* 66 AD2d 963). Viewing the totality of the circumstances, and particularly the absence of any improper police conduct or undue pressure, we agree with the trial court's finding that defendant's confession was proven voluntary beyond a reasonable doubt (cf. *People v Anderson,* 42 NY2d 35). Lastly, we reject defendant's contention that the right to counsel attached immediately upon his warrantless arrest and could be waived only in the presence of counsel. The rule of *People v Samuels* (49 NY2d 218) applies once a criminal action has been commenced, but in this case no accusatory instrument had been filed prior to defendant's confession. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.