■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN LIPTON, Appellant. — Judgment unanimously affirmed. Memorandum: The court's failure to charge that witnesses Stephen Raia, Patrick Ryder and Jane Otto were accomplices as a matter of law was error. In a conference among the court, defense counsel and the prosecuting attorney prior to the charge, it was agreed that the jury would be instructed that said witnesses were accomplices as a matter of law. Contrary to that agreement, however, the court charged that their status was to be determined as a question of fact. The issue is not preserved for review, however, because defendant failed to except to the charge as given (see CPL 470.05, subd 2; *People v Cona,* 49 NY2d 26, 33). We conclude on this record that had a proper exception been taken, or had a request been made, the court, in light of its prior agreement, would have given the appropriate charge. Moreover, at the end of the charge when the trial court had failed to so charge and at a time when the failure could readily have been corrected, counsel did not except or object to the charge as given. Such inaction under the circumstances may not serve to preserve this issue for review *(People v Robinson,* 36 NY2d 224, 228). We also decline to review the issue in the interest of justice (see *People v Tremblay,* 77 AD2d 807; CPL 470.15). The other issues raised by defendant are without merit. (Appeal from judgment of Onondaga Supreme Court — criminal sale controlled substance, third degree, and other charges.) Present — Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.