■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONES WALKER, JR., Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered July 28, 1980, upon a verdict convicting defendant of the crime of murder in the second degree. Defendant raises essentially two issues on this appeal. The first pertains to the admissibility of an incriminating oral admission made to the police by him on December 11, 1979. Twice previously to that day, defendant had been questioned at police headquarters, after which he was free to leave. On December 11, he was again brought to the station, placed under arrest shortly after 1:00 P.M., and immediately given his *Miranda* warnings. There was substantial evidence to support the trial court's findings at the suppression hearing that defendant was fully advised of his *Miranda* rights and voluntarily waived them, and that his oral admission was made voluntarily. There was probable cause for the warrantless arrest that was made here, based upon the statement by Denise Tatum, the victim's daughter and defendant's girlfriend, on December 11. No accusatory instrument, commencing the adversary process, was filed until after defendant incriminated himself. Therefore, defendant's reliance upon *People v Samuels* (49 NY2d 218) and *People v Settles* (46 NY2d 154) is misplaced. The delay in arraignment during which defendant's admission was made was far shorter than this court sustained in *People v Mathis* (77 AD2d 720). The testimony of Officer Candlen at the trial (but not brought out at the suppression hearing) that upon receiving his *Miranda* warnings, defendant

responded to the question whether he wished a lawyer by asking whether he needed a lawyer, does not require reversal or remand for a further suppression hearing. The record does not disclose any misleading or overbearing conduct by the police following defendant's question. Such a tentative remark does not constitute the kind of unequivocal invocation of the right to counsel which, under *People v Cunningham* (49 NY2d 203), prevents either further police interrogation or the existence of a valid waiver in the absence of counsel physically present. To hold otherwise would constitute a further extension of *Cunningham, Samuels* and *Settles.* Defendant's second point is that the court's charge to the jury was inadequate in failing to submit, as an issue of fact, the question of whether Denise Tatum was an accomplice, whose testimony as such would require corroboration (CPL 60.22, subd 1). The only evidence involving Tatum in the homicide is that on December 5, 1979, she gave the police a false statement denying prior knowledge of the offense and claiming that she and defendant were elsewhere when it occurred. At most, the false statement might constitute the crime of hindering prosecution (Penal Law, § 205.50). Traditionally, it would make Tatum an "accessory after the fact". It is questionable whether such conduct establishes "An offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22, subd 2, par [b]; see *People v Aleschus,* 81 AD2d 696, affd 55 NY2d 775; *People v Le Grand,* 61 AD2d 815, cert den 439 US 835; but cf. *People v Santoro,* 68 AD2d 939). We need not resolve the issue in the instant case, however, since the defendant did not request an accomplice corroboration charge at the trial nor did he except to the court's failure to so charge. Clearly, it was not part of the defense strategy at the trial to establish Tatum as an accomplice. Rather, an attempt was made to portray her as the actual sole perpetrator of the murder. Under all of these circumstances, therefore, the case is not an appropriate one for reversal in the interests of justice (see *People v Rosado,* 79 AD2d 666; *People v Lipton,* 78 AD2d 999). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.