■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE REGISTER, Appellant. — Judgment unanimously affirmed. Memorandum: Late on a Friday evening in January, 1977, the defendant fired three shots in a crowded barroom, killing Marvin Lindsay and seriously injuring two other patrons. A jury found the defendant guilty of one count of murder in the second degree for recklessly causing death under circumstances evincing a depraved indifference to human life, and two counts of assault in the first degree. From the evidence submitted at the trial, the jury could have inferred that the defendant was intoxicated at the time of the shootings. Two points raised by defendant on this appeal deserve comment: that the evidence did not support a verdict upon the theory of depraved indifference, and that the court erred in refusing to charge the jury that voluntary intoxication could negate the element of depraved indifference required for a conviction of murder in the second degree. The proof supports the charge that defendant acted recklessly under circumstances evincing a depraved indifference to human life. At the time of the shooting, the barroom "was packed" with about 50 people. When a fight started between defendant's friend and a Willie Mitchell, defendant shot at Mitchell from some distance away. The bullet missed Mitchell and struck Lawrence Evans in the buttocks. Defendant then approached Mitchell and from one foot away fired a shot into Mitchell's abdomen. As the wounded Mitchell ran away, Marvin Lindsay, who up until that time was completely uninvolved, walked

past the defendant and the defendant made a quarter turn and fired a third shot which struck and killed Lindsay. Depraved indifference requires conduct of greater culpability than mere recklessness (*People v Poplis,* 30 NY2d 85). Here the conduct rises beyond the level of mere recklessness. The defendant fired a deadly weapon three times in a crowded barroom and it was inevitable that someone would be struck by a bullet. The defendant's actions in this case evince the same callous and depraved indifference to human life as the actions of the defendant in *People v Jernatowski* (238 NY 188) who was convicted of depraved indifference murder for firing gunshots into the window of a house, and those of the defendant in *People v Wingate* (72 AD2d 955) who was convicted of that crime for shooting at people in an indiscriminate manner. Voluntary intoxication cannot negate the element of depraved indifference to human life; hence the court did not err in refusing to so instruct the jury. Section 15.25 of the Penal Law provides: "Intoxication is not, as such, a defense to a criminal charge; but in any prosecution for an offense, evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negative an element of the crime charged." Defendant claims that "depraved indifference" is a state of mind and that the jury could find that the defendant was so intoxicated that he was incapable of attaining that state of mind, thus negating an essential element of the crime of depraved indifference murder. Culpable mental states, as listed in subdivision 1 of section 15.15 of the Penal Law, are " 'knowingly' ", " 'intentionally' ", " 'recklessly' " and " 'criminal negligence' " and they describe "a specific kind of intent or knowledge." Subdivision 2 of section 125.25, describing depraved indifference murder, does not require any form of intent or knowledge as an element of the crime. That subdivision provides that a person is guilty of murder in the second degree when: "Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person". The emphasis in this subdivision is not upon the state of the defendant's mind, but upon the circumstances of the conduct. The element of "depraved indifference" must be judged by the objective circumstances, not by the subjective state of the defendant's mind. We agree with the court in *People v Le Grand* (61 AD2d 815, cert den 439 US 835) that "acting 'under circumstances evincing a depraved indifference to human life', is a qualitative judgment to be made by the jury in determining the extent of defendant's criminal action; it is not a description of the *mens rea* involved in the commission of the crime" and it "is not an element of a crime which may be negated by intoxication". Even if we were to agree that "depraved indifference" is a state of mind to be judged subjectively, it is not such a state that can be negated by intoxication. Indifference, unlike knowledge or intent, is a negative state of mind. It is defined as lack of feeling for or against anything; unconcernedness; apathy. (Webster's New International Dictionary [2d ed].) There is no requirement that a person be aware of, or have knowledge of, a situation to be indifferent to it. Intoxication cannot negate indifference; if anything, it can intensify it by inducing lack of feeling, unconcernedness, and apathy. Accordingly, the judgment appealed from should be affirmed. (Appeal from judgment of Monroe County Court, Mark, J. — murder, second degree, and another charge.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.