■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND W. SMITH, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered October 25, 1982, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the first degree. ¶ On January 8, 1982, a police informant arranged to have defendant sell approximately two and one-half pounds of marihuana for $1,050 to an undercover State trooper. Defendant, two undercover troopers and the informant met in a public parking lot after which one of the officers, at defendant's direction, drove defendant and the informant to a building in the City of Albany where the supplier was located. Defendant entered the building alone. He reappeared in 10 to 15 minutes with the marihuana; all three then returned to the public parking lot where, just as the transaction was being consummated, other officers arrested defendant. Later at the police barracks, defendant identified the supplier from whom he had secured the marihuana. The informant, the supplier, the troopers involved in the undercover operation, a forensic scientist and an individual who had previously purchased drugs from defendant all testified on the People's behalf. The defense rested without presenting any witnesses and the jury found defendant guilty as charged. Defendant, a predicate felon, was sentenced to an indeterminate term with a minimum of 7½ years and a maximum of 15 years in prison, to run consecutively with any previous outstanding sentence. ¶ The trial court erred in not instructing the jury that the supplier was an accomplice whose testimony needed corroboration (CPL 60.22); nevertheless, a reversal is not required. Defendant, having neither requested the charge nor excepted to the trial court's omission of it, failed to preserve the issue for appellate review (*People v Lipton,* 54 NY2d 340, 351). And given the strength of the People's case, we perceive no need to review this matter in the interest of justice (*People v Lipton,* 78 AD2d 999, mod on other grounds 54 NY2d 340, *supra*). ¶ Contrary to defendant's contention, the court's *Sandoval* ruling permitting the People to inquire into defendant's 1976 conviction of rape in the first degree, for which he was on parole when the drug transaction took place, does not provide cause for reproach. A person ruthless enough to commit rape has shown a penchant to place his " 'self-interest ahead of principle or of the interest of society' " and may well disregard an oath and perjure himself (*People v Bennette,* 56 NY2d 142, 148). It is also not without significance that the trial court limited any inquiry by the People into the facts underlying the rape conviction to a recitation of the indictment. ¶ Nor did the trial court err when it allowed the People to introduce evidence during its case-in-chief of prior, uncharged drug deals to refute the defenses of agency and entrapment. Evidence of prior criminal conduct is admissible to establish intent where relevant (*People v Calvano,* 30 NY2d 199, 203; *People v Rose,* 84 AD2d 645, affd 57 NY2d 837). Here, a reasonable view of the evidence reveals that the assertion of an agency defense would be appropriate. Furthermore, the defense attorney's cross-examination of the informant suggested that such a defense would indeed be advanced. At best this is a disingenuous argument by the defense, for although defendant was importuning the trial court not to

allow the People to offer this evidence, he steadfastly refused to tell the court whether he intended to rely on the defense of agency. ¶ Defendant's other contentions are equally without merit. His request for a bill of particulars seeking information concerning the nature of his participation in the sale and specific details about the actual transaction as properly denied, as he had been adequately apprised of the charges against him and the items sought in the bill were evidentiary (see *People v Iannone,* 45 NY2d 589, 599). Additionally, we find no abuse of discretion by the trial court's imposition of the maximum sentence. As for the issues raised in defendant's *pro se* brief, they are either irrelevant, unsupported by the record or unworthy of comment. ¶ Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.