■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CONGDEN, SR., Appellant. — Judgment unanimously affirmed. Memorandum: Almost one year before the police questioned the defendant and obtained his incriminating statement, the defendant refused to submit to a polygraph test, telling the police that his lawyer told him not to take it. Actually, defendant had not consulted a lawyer and was not represented either at the time he refused to take the test or at the time he gave his statement. He testified that he had remembered that sometime in the past an attorney who represented him on another matter told him never to take a polygraph test.

Contrary to defendant's contention, the police did not violate his constitutional right to counsel. Although defendant's remark at the time he refused to take the polygraph test may have alerted the police to the possibility that defendant was represented by counsel, it charged them only with knowledge of what an inquiry would reveal (*People v Bartolomeo,* 53 NY2d 225). The police were precluded from questioning the defendant only if he had retained, or had unequivocally requested, counsel. Here, he had done neither (*see, People v Rowell,* 59 NY2d 727; *People v Johnson,* 79 AD2d 201, *revd on dissenting opn* 55 NY2d 931; *People v Pelkey,* 100 AD2d 663).

We find no merit to defendant's contention that the court should have charged that one of the prosecutor's witnesses was an accomplice as a matter of law, rather than submitting the

question to the jury. Defendant did not preserve this issue for our review. Moreover, the jury could have found that the witness was not an accomplice because he lacked the requisite intent to assist in the attempted rape.

We have examined the other contentions of defendant and we find them likewise, without merit. (Appeal from judgment of Oneida County Court, Walsh, J. — attempted rape and murder, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and O'Donnell, JJ.