■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VATAJ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lange, J.), rendered December 19, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

There is no evidence in the record from which it can be inferred that a key witness for the prosecution in this case actually participated in the murder of which the defendant was found guilty. However, based on that witness's uncontradicted testimony, it appears that he learned about the murder shortly after its commission, assisted in, or was at least present during, the destruction of evidence, and also lied to investigators concerning his knowledge of the crime. We must decide whether such conduct renders the witness an accomplice for the purpose of determining whether his testimony required corroboration (CPL 60.22).

We note, initially, that contrary to the People's contention, this issue has been preserved for review as a matter of law. The counsel for the defendant specifically requested that the court submit to the jury the question whether, as a matter of fact, the witness was an accomplice. It is true that counsel did not expressly request a charge that, as a matter of law, the witness must be considered an accomplice. However, the court construed counsel's request as being, in effect, a request to charge that the witness was "an accomplice in the entire criminal enterprise". Under these circumstances, we conclude that the defendant impliedly, if not expressly, sought a ruling that the witness was an accomplice as a matter of law, and thus raised a question of law as to the court's denial of that request (CPL 470.05 [2]; *People v Cona,* 49 NY2d 26, 33).

We also reject, at the outset, the defendant's assertion that there was a "veritable plethora of evidence" that the prosecution's chief witness participated in the crime of murder. The witness freely admitted to participation in the drug operation in which the defendant was involved. While this testimony might establish that the witness was an accomplice with

respect to crimes committed as part of that drug enterprise *(see, People v Cona, supra),* the crime of murder, as charged in this case, was a discrete and separate crime *(see, People v Cobos,* 57 NY2d 798). As to the crime of murder, "[t]here was no evidentiary showing from which the inference of [the witness's] participation could reasonably have been drawn *(People v Santana,* 82 AD2d 784, 785, affd 55 NY2d 673; see, *People v Basch,* 36 NY2d 154)" *(People v Byrd,* 106 AD2d 511). This witness was not present at the scene of the murder, and the record is devoid of proof from which it can be inferred that the witness conspired in, solicited, or knowingly facilitated the murder.

The People concede, however, that, after having learned of the crime, the witness made false statements to police, and was present while evidence of the crime was destroyed. The testimony reveals that the witness actually assisted in the destruction of evidence by, for example, helping to remove the license plate from the car in which the victim was abducted and driven to the scene of the crime. The question presented then is whether conduct, which possibly subjected the witness to prosecution for hindering prosecution *(see,* Penal Law § 205.50 [5] [suppression or alteration of evidence]) renders the witness an accomplice for the purpose of requiring corroboration of his testimony. We hold that it does not, and that, in order to be deemed an accomplice, a witness must be shown to have been implicated in the criminal transaction which forms the basis for the prosecution. A witness who learns of a criminal transaction after the fact and then hinders prosecution of it is simply not to be mistrusted to the same extent as a person who actually participated in the crime.

In *People v Walker* (87 AD2d 725, 726) the Appellate Division, Third Department, addressed the question of whether an " 'accessory after the fact' " may be deemed an accomplice, but declined to resolve the issue, since it had not been preserved for review as a matter of law. Also, in *People v Aleschus* (81 AD2d 696, *affd* 55 NY2d 775), the Third Department rejected the defendant's argument that the court had delivered a faulty accomplice charge, and determined that, as to two witnesses, the accomplice charge was superfluous, since those witnesses learned about the crimes after their commission. "[I]t is apparent that they were in no way implicated in any of the facts or conduct which make up the crimes with which defendant was charged and, therefore, they could not be considered accomplices *(People v Spiegel,* 60 AD2d 210, affd 48 NY2d 647)" *(People v Aleschus, supra,* p 697). This court, in

*People v Le Grand* (61 AD2d 815, *cert denied* 439 US 835) held that there was no error in refusing to charge that a witness—the defendant's wife—was an accomplice as a matter of law where it appeared that she had learned that her husband had murdered his ex-wife, failed to report the crime, and assisted in the disposal of the body. Thus, in accordance with the foregoing precedent, an "accessory after the fact" is not to be considered an accomplice as a matter of law.

Our decision in *People v Conlon* (66 AD2d 823, *appeal dismissed* 46 NY2d 1059) is not to the contrary. That case involved a prosecution for burglary, larceny, and criminal possession of stolen property. In that case, it is true, a key prosecution witness had not participated in the burglary and larceny. However, that witness actively assisted in the furtherance of the criminal enterprise by assisting in the disposal of the stolen property. In the case at bar, the witness did nothing to advance or facilitate the murder; at most, he participated in efforts to avoid detection. Our decision in *People v Santoro* (68 AD2d 939) is likewise distinguishable. In that case, the People's witness had learned that her paramour had killed her three-year-old child. This witness originally lied to police concerning the circumstances of the death. The court refused to charge that the witness was, as a matter of law, an accomplice, but submitted to the jury the question whether, as a matter of fact, the witness was an accomplice. Although this court stated that the issue was "properly submitted to the jury", that observation was pure dicta.

The defendant also argues that, even if the witness in question is not an accomplice as a matter of law, the accomplice issue should at least have been submitted to the jury as a question of fact, as it was in *People v Santoro (supra)*. We disagree with this contention as well. Having decided that, where a witness's status is merely that of an "accessory after the fact", such witness is not an accomplice for the purpose of the corroboration requirements of CPL 60.22, we necessarily also conclude that, where a witness's status as an "accessory after the fact" is in dispute, there is no need for a jury resolution of that question. Generally, a jury question is presented regarding accomplice status where differing inferences may be drawn from the proof regarding complicity *(People v Basch,* 36 NY2d 154, 157; *People v Beaudet,* 32 NY2d 371, 376). In this case, there is simply no issue of fact regarding the witness's postcrime activities, since that witness's testimony is, in material part, uncontradicted. Thus, the court correctly refused to submit to the jury any question as to the

witness's accomplice status, and properly refused to instruct the jury on the need for corroboration of the testimony of a witness who is an accomplice as a matter of law. We have reviewed defendant's remaining contentions and find that they are without merit. Gibbons, J. P., Weinstein and Lawrence, JJ., concur.

Brown, J., dissents and votes to reverse the judgment appealed from and order a new trial, with the following memorandum: It is my opinion that the trial court erred as a matter of law in refusing the defendant's express request to charge the jury that if the key witness for the prosecution was found to be an accomplice, then a verdict of guilty could not be based upon his uncorroborated testimony (CPL 60.22). I, therefore, cannot join with my colleagues in the majority and, since the error cannot be viewed as harmless, vote to reverse.

My disagreement with the majority is twofold. First, I do not concur with the assertion that there is no evidence in the record before us from which the jury could have reasonably inferred that the witness, Gerald Mullahey, was in fact implicated in the murder of the victim prior to its commission. The record discloses that Mullahey assisted in the preparation for the crime, and, whether his assistance in preparing for it was given knowingly or unknowingly was, I would argue, a question for the jury. Second, I do not agree that Mullahey's conduct after the commission of the crime, including his participation in the fabrication of an alibi and the destruction of evidence, cannot, as a matter of law, form the basis upon which to conclude that he was an accomplice for the purpose of corroboration. For these two reasons, I conclude that it was error to refuse to submit the issue of the witness's status as an accomplice to the jury as a question of fact.

CPL 60.22 (2) defines an "accomplice" as a "witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (1) [t]he offense charged; or (2) [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged". This definition replaced the previous rule that a witness would be deemed an accomplice only if he could have been convicted, either as a principal or as an accessory before the fact, of the same crime for which the defendant was on trial *(People v Beaudet,* 32 NY2d 371; *People v Baker,* 46 AD2d 377, 380). The test now is whether the witness theoretically could have been convicted of any *crime* based on at least some of the same facts as must be proved in order to convict the defendant. "[E]ven though a witness is not

liable criminally as an accomplice for the offense being tried, the witness may be an accomplice for corroboration purposes if he or she may reasonably be considered to have participated in an offense based upon *some* of the same facts or conduct which make up the offense on trial" *(People v Berger,* 52 NY2d 214, 219).

Applying that definition to the facts of this case, the record establishes that (1) Mullahey knew that the defendant had threatened to harm the victim because the victim was interfering with the defendant's narcotics business; (2) Mullahey was admittedly involved in the defendant's drug business himself; and (3) shortly before the crime, Mullahey placed two guns, which were later used to murder the victim, in the car in which the victim was abducted. Even assuming that no rational trier of fact could infer from the foregoing that Mullahey was actually an accessory to the murder itself *(see,* Penal Law § 20.00), it seems to me that, at the very least, a reasonable inference could be drawn that Mullahey deliberately facilitated the murder. In order to establish Mullahey's guilt of criminal facilitation *(see,* Penal Law §§ 115.00, 115.05), it would not be necessary for the jury to conclude that Mullahey actually shared the defendant's intent to kill, but merely that he believed it was probable that he was aiding a person who intended to commit a felony. I find that this record contains evidence which would be legally sufficient to sustain a charge of criminal facilitation and that Mullahey could therefore rationally be viewed as an accomplice. Accordingly, the accomplice issue should have been given to the jury *(see, People v Dorta,* 46 NY2d 818; *People v Arce,* 42 NY2d 179, 186; *People v Basch,* 36 NY2d 154, 157).

Turning to the second source of my disagreement with the majority, it is conceded that Mullahey engaged in conduct which would qualify him, in traditional terms, as an "accessory after the fact". Under the prior, more restrictive definition of the term "accomplice", it was held that an accessory after the fact could not be deemed an accomplice *(People v Swersky,* 216 NY 471; *People v Mahoney,* 36 AD2d 480). However, the status to be afforded an accessory after the fact under the current, more flexible definition of an accomplice is unclear *(see, People v Walker,* 87 AD2d 725; *compare, People v Le Grand,* 61 AD2d 815, *cert denied* 439 US 835, *with People v Conlon,* 66 AD2d 823, *appeal dismissed* 46 NY2d 1059). I am not as willing as my colleagues in the majority to dismiss as obiter dicta this court's statement in *People v Santoro* (68 AD2d 939), a case which involved testimony by an accessory

after the fact, that the accomplice issue was "properly submitted to the jury". I am also not satisfied that the courts should not look upon the testimony of an accessory after the fact with the same "suspicious eye" with which the law has historically viewed the testimony of accomplices *(see, People v Berger, supra,* p 218; *People v Duncan,* 46 NY2d 74, 78-79; *People v Dixon,* 231 NY 111, 116; *People v Doyle,* 21 NY 578). That suspicion which is cast upon accomplice testimony derives from the concern that an accomplice has a strong motive to belittle his own involvement in the crime and may attempt to embellish the truth in order to curry favor with the authorities. As the Court of Appeals has stated "[t]he basis for the accomplice corroboration rule, quite simply, is mistrust [for] an informant's testimony about matters relevant to his potential criminal liability" *(People v Cona,* 49 NY2d 26, 36). The requirement of corroboration through independent evidence connecting the defendant to the crime lends support to the testimony of the accomplice that the defendant was involved in the crime and "will counter any inference that the accomplice, without warrant, sought for reasons of his own to implicate the defendant—the risk to which the statute is addressed" *(People v Hudson,* 51 NY2d 233, 238). I submit that the testimony of an "accessory after the fact" is imbued with the same risks of a motive to fabricate and calls equally for corroboration. In the instant case, is there any less reason to mistrust the testimony of Mullahey, who admittedly was engaged with the defendant in a drug operation which precipitated the murder, who placed weapons in the car used to abduct the victim, and who later participated in the destruction of evidence, than there would be if there had been evidence suggesting that he also participated in the actual murder?

I do not mean to suggest that a witness who admittedly engages in conduct which makes him an "accessory after the fact" must, as a matter of law, be viewed as an accomplice. There is less reason to suspect the testimony of an "accessory after the fact" who, for example, learns of the crime days, or even years, after its commission, and only then, for whatever reason, becomes involved in hindering the prosecution of that crime than there is to suspect the testimony of a witness who learns of the crime shortly after it occurs. I do believe, however, that in such cases the accomplice issue should at least be given to the jury.

Since I conclude that the defendant's request to charge the jury on the accomplice issue as a question of fact should have

been granted, and since the refusal to do so cannot be deemed harmless *(People v Minarich,* 46 NY2d 970), I vote to reverse the judgment and order a new trial.