■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL L. COVILLE, Appellant. [901 NYS2d 730]—

Egan Jr., J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered September 5, 2008, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.

Defendant was indicted with criminal contempt in the first degree (count 1), assault in the third degree (count 2), endangering the welfare of a child (count 3), and two counts of harassment in the second degree (counts 4 and 5). The jury found defendant guilty of criminal contempt in the first degree and not guilty of the other four counts. After the jury had been discharged, defendant moved to vacate the verdict as inconsistent, which motion County Court denied as untimely. Defendant was thereafter sentenced to a prison term of 1½ to 3 years. Defendant now appeals arguing, among other things, that the jury's verdict of guilty of criminal contempt in the first degree under count 1 was inconsistent with its verdict finding him not guilty of harassment in the second degree under count 4, and trial counsel was ineffective in failing to raise a timely objection to the inconsistent verdict.

A jury verdict is repugnant or inconsistent when a defendant is convicted of a crime "on which the jury has actually found that the defendant did not commit an essential element, whether it be one element or all" (*People v Tucker*, 55 NY2d 1, 6 [1981]; *see People v Onyia*, 70 AD3d 1202, 1203 [2010]; *People v Mendoza*, 300 AD2d 824, 824 [2002], *lv denied* 99 NY2d 617 [2003]). A claim that a jury verdict is inconsistent or repugnant must be made before the jury is discharged so that the trial court can resubmit the case to the jury to obtain a consistent verdict (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Murphy*, 66 AD3d 1234, 1236 [2009]; *People v St. Paul*, 3 AD3d

604, 606 [2004], *lvs denied* 2 NY3d 765 [2004], 5 NY3d 766 [2005]). Because defendant did not raise this issue prior to the jury being discharged, the issue is not preserved for our review. However, we choose to exercise our interest of justice jurisdiction to take corrective action (*see* CPL 470.15 [6] [a]).

The charge of which defendant was convicted (criminal contempt in the first degree) contained the same factual allegations as the charge of which defendant was acquitted (harassment in the second degree), as each charge alleged that on June 4, 2007, defendant "subjected [the victim] to physical contact by grabbing her around the neck, holding her against a wall, and ripping a telephone from her hands." At the time of this incident, a no illegal contact order of protection was issued against defendant in favor of the victim, who is the mother of his children and his former girlfriend. As such, the verdict as to counts 1 and 4 was indeed repugnant. Therefore, the judgment is reversed and the matter remitted for a new trial on count 1.*

Defendant's remaining contentions either lack merit or are academic.

Spain, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Cortland County for a new trial on count 1 of the indictment.

---

* Defendant did not raise a double jeopardy objection in the brief and, thus, we decline to address its applicability here.