■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. GAUDIOSI, Appellant. [973 NYS2d 855]—

Rose, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 19, 2011, upon a verdict convicting defendant of the crimes of robbery in the second degree and criminal solicitation in the fourth degree.

Defendant was charged with the robbery of a convenience store and with attempting to talk others into assisting him. After a jury trial, he was found guilty of robbery in the second degree and criminal solicitation in the fourth degree. He now appeals, contending that his convictions are not supported by legally sufficient evidence and are against the weight of the evidence.

We affirm. Although defendant's general motion to dismiss failed to preserve his legal sufficiency claims (*see People v Rivera*, 101 AD3d 1478, 1480 n 2 [2012], *lv denied* 20 NY3d 1103 [2013]; *People v Dozier*, 94 AD3d 1226, 1227 [2012], *lv denied* 19 NY3d 996 [2012]), "our weight of the evidence review necessarily involves an evaluation of whether all elements of the charged crime[s] were proven beyond a reasonable doubt at trial" (*People v Burch*, 97 AD3d 987, 989 n 2 [2012], *lv denied* 19 NY3d 1101 [2012] [internal quotation marks and citations omitted]; *see People v Mitchell*, 94 AD3d 1252, 1254 n [2012], *lv denied* 19 NY3d 964 [2012]). Upon our review, we "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony while viewing the evidence in a neutral light and giving deference to the jury's credibility assessments" (*People v Johnson*, 91 AD3d 1194, 1196 [2012], *lv denied* 18 NY3d 995 [2012] [internal quotation marks and citation omitted]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Here, in the moments prior to the robbery, the store surveillance video captured images of a man with a beard, gray at the chin, and wearing a long sleeve green sweater, baseball cap and sunglasses. The clerk testified that a man with a beard and wearing a hat and glasses suddenly came behind the counter and began punching her repeatedly in the face. When she fled out the front door, the perpetrator ran out of the back of the store with the contents of the cash register. Two witnesses testified that they saw defendant on the day of the crime, with one witness recalling that defendant was bearded and wearing a green sweater, sunglasses and a baseball cap and the other testifying that defendant was wearing sunglasses and a baseball cap and was riding a bicycle in the direction of the store. A forensic scientist testified that DNA taken from the handlebars of a bicycle found by police outside of the store that day matched defendant's DNA. Another witness testified that she had overheard defendant tell her housemate on the day of the crime that he needed a quick change of clothes and that the two argued when the housemate stated that he "wanted his cut." Although defendant was clean shaven when he was arrested later that

same day, the two arresting officers testified that they had seen defendant in the days prior and observed him having a beard that was gray at the chin. Further, they noted that defendant appeared to be freshly shaven at the time of his arrest. While the store clerk could not identify defendant as her attacker because she had gotten a very brief look at him, the store surveillance tape was played for the jury. Finally, two witnesses testified that, in the days prior to the crime, defendant had asked them if they were interested in helping him commit a robbery, with defendant telling one of the witnesses that he planned on robbing the specific convenience store. Viewing this evidence in a neutral light and according appropriate deference to the jury's credibility determinations, we have no difficulty finding that the verdict is supported by the weight of the evidence (*see People v Mateo*, 101 AD3d 1458, 1459-1460 [2012], *lv denied* 21 NY3d 913 [2013]; *People v Powell*, 101 AD3d 1369, 1370 [2012], *lv denied* 21 NY3d 1019 [2013]).

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.