■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALIEF YOUNG, Appellant. [59 NYS3d 535]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 11, 2014, upon a verdict convicting defendant of the crime of robbery in the third degree.

After defendant was arrested and charged with robbery in the second degree and robbery in the third degree, he filed a motion to, among other things, suppress certain incriminating statements made to detectives, as well as physical evidence seized from his residence pursuant to a search warrant. Following a suppression hearing, County Court denied defendant's motion. A jury trial ensued, after which defendant was acquitted of robbery in the second degree and convicted of robbery in the third degree. He was then sentenced, as a second felony offender, to a prison term of 3½ to 7 years, and he now appeals.

Initially, defendant's challenge to the legal sufficiency of the evidence is unpreserved for our review as he made only a generalized motion to dismiss at the conclusion of the People's case (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Morgan*, 149 AD3d 1148, 1149 [2017]). Nevertheless, in reviewing the weight of the evidence, we necessarily consider each element of the charge to determine whether it was proven beyond a reasonable doubt (*see People v Newell*, 148 AD3d 1216, 1220 [2017], *lv denied* 29 NY3d 1035 [2017]; *People v Bullock*,

145 AD3d 1104, 1105 [2016]). As relevant here, a person commits the crime of robbery in the third degree when he or she forcibly steals property (*see* Penal Law § 160.05), and a conviction of this crime may be based on defendant's role as an accomplice (*see* Penal Law § 20.00; *People v Rupert*, 118 AD3d 1126, 1126 [2014]).

At trial, the victim testified that he was walking in his inner-city neighborhood when he was attacked from behind and fell to the pavement where he was then punched and kicked multiple times by a group of assailants who took $35 and his identification card from his pockets before fleeing the scene. The People introduced a surveillance video of the robbery, which captures images corroborating the victim's testimony and depicts one of the perpetrators wearing a red baseball cap and a jacket with distinctive grey patches on the shoulders. Notably, the video shows this individual making repeated physical contact with the victim, including in the area of his pockets, and also shows other members of the group doing the same. In the hours before the robbery, another surveillance video depicted the individual dressed in the same cap and jacket at a convenience store in close proximity to the incident, and two detectives identified him as defendant based upon prior dealings with him in the neighborhood. Defendant admitted in his statement to the detectives that he was the individual wearing the red cap in the video of the robbery, but denied that he had any contact with the victim. Although a different verdict would not have been unreasonable because the property allegedly taken from the victim was never recovered, after viewing the video in a neutral light and deferring to the jury's credibility determinations regarding the victim's testimony, we are satisfied that the verdict was not against the weight of the evidence (*see People v Green*, 141 AD3d 1036, 1038 [2016], *lv denied* 28 NY3d 1072 [2016]; *People v Gaudiosi*, 110 AD3d 1347, 1348-1349 [2013], *lv denied* 22 NY3d 1040 [2013]; *People v Miller*, 93 AD3d 882, 883 [2012], *lv denied* 19 NY3d 975 [2012]; *People v Jones*, 70 AD3d 1253, 1254 [2010]).

Nor are we persuaded by defendant's argument that his incriminating statements to detectives should have been suppressed as the product of an illegal arrest. The People concede that they bore the burden of establishing probable cause for the arrest producing these statements (*see* CPL 140.10 [1] [b]; *People v Parris*, 83 NY2d 342, 346 [1994]; *People v Wolfe*, 103 AD3d 1031, 1033 [2013], *lv denied* 21 NY3d 1021 [2013]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information

sufficient to support a reasonable belief that an offense has been . . . committed by the person arrested" (*People v Garcia*, 131 AD3d 732, 734 [2015] [internal quotation marks and citation omitted], *lv denied* 27 NY3d 997 [2016]). We must agree that once detectives viewed the surveillance videos and identified defendant as the individual wearing the red baseball cap and distinctive jacket, probable cause existed for his arrest (*see People v Stroman*, 107 AD3d 1023, 1024 [2013], *lv denied* 21 NY3d 1046 [2013]; *People v Bethune*, 65 AD3d 749, 751 [2009]; *People v Tillman*, 57 AD3d 1021, 1022 [2008]). Moreover, the fact that one of the detectives may not have believed that he had probable cause to arrest defendant until defendant made his incriminating statement does not vitiate the propriety of the arrest, as the detective's subjective belief does not control the inquiry (*see People v Cooper*, 38 AD3d 678, 679 [2007]; *People v Jones*, 219 AD2d 417, 421 [1996], *affd* 90 NY2d 835 [1997]). Indeed, "[w]here a police officer objectively possesses enough information to establish probable cause but simply does not realize it when the arrest is made, there is no improper police conduct warranting invocation of the deterrent action of suppression" (*People v Lopez*, 95 AD2d 241, 247-248 [1983], *lv denied* 60 NY2d 968 [1983]).*

We are similarly unpersuaded by defendant's contention that County Court erred in denying that part of the motion that sought to suppress the red baseball cap seized from his residence pursuant to a search warrant. The surveillance video depicting one of the perpetrators wearing this cap, the detectives' identification of that individual and defendant's admission that he was that individual "provided sufficient information to support a reasonable belief that [such] evidence of a crime would be found in defendant's [residence]" (*People v Cherry*, 149 AD3d 1346, 1348 [2017] [internal quotation marks and citation omitted]; *see People v Vanness*, 106 AD3d 1265, 1266 [2013], *lv denied* 22 NY3d 1044 [2013]).

Defendant has failed to preserve his claim that the jury verdict is repugnant inasmuch as he lodged no objection to it prior to the jury being discharged (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Dale*, 115 AD3d 1002, 1006 [2014]; *People v Coville*, 73 AD3d 1232, 1233 [2010]). In any event,

---

* Defendant's related contention that his incriminating statements should have been suppressed because the indelible right to counsel attached immediately upon his warrantless arrest is patently without merit since this circumstance did not trigger the commencement of the criminal action (*see People v Pelkey*, 100 AD2d 663, 664 [1984]; *People v Mathis*, 77 AD2d 720, 720 [1980]).

were we to review this claim, we would find it to be without merit (*see People v Muhammad*, 17 NY3d 532, 539-540 [2011]; *People v Kramer*, 118 AD3d 1040, 1043 [2014]). Further, as defendant concedes, his related contention that the charge of robbery in the third degree should have been submitted to the jury as a lesser included offense of robbery in the second degree was waived by his failure to make such a request to County Court (*see* CPL 300.50 [1]; *People v David*, 255 AD2d 620, 621 [1998]).

Finally, given defendant's prior criminal history and his failure to acknowledge any wrongdoing despite the fact that his crime was caught on camera, we find no abuse of discretion in the sentence imposed nor do we discern any extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (*see People v McGowan*, 149 AD3d 1161, 1163 [2017], *lv denied* 29 NY3d 999 [2017]; *People v Martin*, 116 AD3d 1166, 1168 [2014], *lv denied* 23 NY3d 1039 [2014]). Defendant's remaining contentions have been considered and found to be lacking in merit.

Peters, P.J., Mulvey, Aarons and Pritzker, JJ., concur. Ordered that the judgment is affirmed.