■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROOKS, Appellant.—Judgment unanimously affirmed. Memorandum: The record shows that the defendant, while under the influence of alcohol, argued with the decedent and twice fired a shotgun loaded with deer slugs, striking decedent at close range. Under these circumstances, the jury was entitled to find that because of his intoxication, defendant lacked the intent to kill, yet he recklessly caused the death of the victim under "circumstances evincing a depraved indifference to human life" (Penal Law § 125.25 [2]; *see, People v Register,* 60 NY2d 270; *People v Kanelos,* 107 AD2d 764, *lv denied* 65 NY2d 817). It was not necessary for the prosecutor to show that defendant's conduct put many lives in danger *(see, People v Robinson,* 43 AD2d 963).

The trial court properly denied defendant's motion to suppress the shotgun cartridge found in defendant's automobile. The cartridge seized was found in plain view when the police rightfully towed the automobile because it was illegally parked and bore illegal license plates.

The statement made by defendant to the arresting officers was spontaneous and, therefore, admissible even though the defendant had not been advised of his constitutional right to remain silent. It cannot be said that the officer's remark, which immediately preceded the defendant's statement, "should reasonably have been anticipated to evoke a declaration from the defendant". *(People v Lynes,* 49 NY2d 286, 295; *see also, People v Rivers,* 56 NY2d 476.)

Finally, we reject defendant's contention that errors committed during the trial require reversal. The Trial Justice did not exceed his authority in questioning one of the witnesses *(see, People v De Jesus,* 42 NY2d 519). His questioning was

brief and he did not suggest to the jury his belief concerning the credibility of the answers. The prosecutor's remark on summation that the defendant did not testify was not prejudicial. Defense counsel had already asked the Judge to instruct the jury concerning the effect of the failure of defendant to take the witness stand (see, CPL 60.15 [2]; 300.10 [2]) and the Trial Justice cured the error by instructing the jury to disregard the prosecutor's remark and to draw no inference adverse to defendant because of his failure to testify. By his remark, the prosecutor did not suggest that any inference should be drawn adverse to the defendant and he gave the jury no more information than they received from the Judge in his instructions. (Appeal from judgment of Supreme Court, Erie County, Marshall, J—murder, second degree, and criminal possession of weapon, fourth degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Pine, JJ.