■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBERT GAVINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered January 31, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The standard for reviewing the legal sufficiency of evidence in a criminal case is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). In the instant case, a rational trier of fact could certainly have found, beyond a reasonable doubt, that the defendant committed robbery in the second degree.

Two police officers testified as to their observations of the defendant's participation in the crime. Neither officer expressed any confusion as to what he saw. Furthermore, the victim's testimony corresponds exactly to the officers' testimony. The complainant identified the defendant as one of his assailants within minutes of the crime, and, again, in the courtroom at the trial. The defendant's own testimony contained numerous inconsistencies.

It is well settled that " '[t]he resolution of questions relating to the credibility of witnesses is properly a function of the jury and * * * may not be overturned lightly on appeal' " *(People v Gross,* 111 AD2d 873, quoting from *People v Rodriguez,* 72 AD2d 571). Under the circumstances, the jury's verdict is well supported by the evidence and should remain undisturbed.

Finally, the defendant did not preserve any legal issue as to the propriety of the prosecutor's cross-examination and summation *(see,* CPL 470.15 [4]; *People v Galloway,* 54 NY2d 396). In any event, none of the alleged improprieties deprived the defendant of a fair trial *(see, People v Roopchand,* 65 NY2d 837). Both the prosecutor's cross-examination of the defendant and his summation did not occur in a vacuum; rather, they were responsive to the defense counsel's allegations that the police witnesses had lied.

Under the circumstances, a reversal of the judgment of

conviction is not warranted. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.