■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MIGUEL MORALES, Appellant.—Appeal by the defendant from
a judgment of the Supreme Court, Westchester County (Dela-
ney, J.), rendered February 8, 1984, convicting him of man-
slaughter in the first degree, upon a jury verdict, and impos-
ing sentence.

Judgment affirmed.

The record unequivocally establishes that the defendant's
guilt of the crime of manslaughter in the first degree was
proven beyond a reasonable doubt (see, People v Contes, 60
NY2d 620). The defendant was convicted of the beating death
of his five-year-old nephew. Among the People's witnesses
were the defendant's two children, aged 7 and 4, respectively,
at the time of their cousin's death, who testified that shortly
after their cousin's arrival at their apartment the defendant
and the victim walked into the bathroom and the defendant
closed the door behind them. Both heard water running and
the younger child testified that he heard the victim scream.
The defendant subsequently opened the door and carried the
victim out. After an unsuccessful attempt to revive the child
the defendant laid him on the bed and left the room. The
child lay there until he was picked up by his father and
rushed to the hospital approximately one hour later.

Uncontroverted medical testimony characterized the injury
which precipitated the death as a "blunt force injury" caused
by a blow of tremendous force and velocity. After receiving
such an injury the child would be in excrutiating pain fol-
lowed closely by shock and unconsciousness and would be
unable to walk or even move. All the witnesses who testified
concerning the victim's physical condition prior to his enter-
ing the defendant's apartment agreed that the child appeared
perfectly normal and had no difficulty in walking, thereby
removing any possibility that the injuries had been inflicted
prior to the victim's entry into the bathroom.

Although the defendant suggested several alternate scenar-
ios, none was credible (see, People v Way, 59 NY2d 361; People
v Cleague, 22 NY2d 363) and all would have required the jury
to "leap logical gaps in the proof offered and draw unwar-
ranted conclusions based on probabilities of low degree" (see,
People v Benzinger, 36 NY2d 29, 32).

The record supports the finding that the defendant, with the
intent to cause serious physical injury, did inflict a powerful
blow or blows to the child's chest which resulted in his death.
Moreover, the defendant's claim that it was an abuse of

discretion for the trial court to allow the two children to testify was not preserved for review by trial counsel *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818). In any event, it is well settled that such a determination is within the discretion of the trial court and, absent an abuse of that discretion, such a ruling will not be disturbed on appeal *(see, People v Parks,* 41 NY2d 36; *People v Bockeno,* 107 AD2d 1051). A review of the court's voir dire of the children and its subsequent decision to have the older child, age 8 at the time of trial, testify as a sworn witness and the younger child, age 5 at the time of trial, as an unsworn witness, indicates that these rulings were grounded in reason and therefore are not subject to attack on appeal *(see, People v Nisoff,* 36 NY2d 560).

Furthermore, the People properly introduced the older child's contradictory Grand Jury testimony during its direct case. Since no specific objections were lodged during the course of the disputed testimony, trial counsel failed to preserve this issue for review *(see, People v Nuccie, supra).* In any event, the requirements of CPL 60.35 were met since the child's trial testimony was both material and relevant to the prosecution of the crime and tended to disprove the People's position at trial *(cf. People v Fitzpatrick,* 40 NY2d 44; *People v Knatz,* 76 AD2d 889; *People v Jordan,* 59 AD2d 746). This testimony if left unexplained could have affirmatively damaged the People's case. Accordingly, the People permissibly confronted the witness with his own sworn contradictions.

The second precondition within CPL 60.35 was also satisfied when the trial court, in its charge on the use of prior testimony, instructed the jury that such testimony was not to be considered as evidence-in-chief but only in assessing the credibility of the witness (CPL 60.35 [2]).

The sentence imposed cannot be termed excessive and will not be disturbed *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.