■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MOJICA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered December 5, 1983, convicting him of rape in the first degree (two counts), sexual abuse in the first degree, attempted sodomy in the first degree, burglary in the second degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Judgment affirmed.

Any alleged error with respect to the People's failure to produce the victim at the *Wade* hearing was not preserved for our review as a matter of law, since the defendant's counsel did not object to her absence *(see,* CPL 470.05 [2]; *People v James,* 110 AD2d 1037).

Viewing the evidence adduced at trial in the light most favorable to the People, as we must, we are satisfied that any rational trier of the facts could have found that the defendant's guilt was proven beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). The accuracy of an eyewitness identification presents a question of credibility which is for the jury to resolve *(see, People v Batts,* 111 AD2d 761).

There is no merit to the defendant's claim that Gilda Montalbano's testimony improperly bolstered the identification made by the victim, since Montalbano, a civilian, independently observed the defendant near the scene of the crime shortly after its commission and therefore was competent to testify about her own observations. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.