■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MAGSAMEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered February 6, 1984, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Based upon a review of the record of the suppression hearing, we conclude that the victim's viewing and subsequent identification of the defendant at the police precinct was purely accidental (see, People v Bookhart, 117 AD2d 739). Moreover, this inadvertent viewing was not the product of questionable police procedure (cf., People v Joy, 114 AD2d 517, 521; People v Smalls, 112 AD2d 173, 174). Thus, the identification testimony was properly admitted at trial.

The record further reveals that sufficient evidence was adduced at trial to establish the essential elements of burglary in the third degree. While there was no direct proof that the defendant entered the building, the hypothesis of guilt flowed

naturally from the facts proved and was consistent with them (cf., People v Marin, 102 AD2d 14, 27, affd 65 NY2d 741; see, People v Rodriguez, 102 AD2d 874). In addition, the accuracy of the victim's identification of the defendant was a question of credibility which the jury properly resolved (see, People v Mojica, 122 AD2d 81; People v Batts, 111 AD2d 761).

The defendant's claim of repugnancy of the verdict is not preserved for our review (see, People v Alfaro, 66 NY2d 985, 987; People v James, 112 AD2d 380, 381). In any event, a review of the jury charge reveals the findings were not inherently contradictory (see, e.g., People v Tucker, 55 NY2d 1; People v James, 112 AD2d 380, 382, supra).

Finally, the defendant's remaining contention is unpreserved and is, in any event, without merit. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.