■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CORREA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered September 28, 1982, convicting him of robbery in the first degree (three counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Moskowitz, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

We have reviewed the evidence presented at the defendant's *Wade* hearing and find that the lineup in which he participated was not unduly suggestive. We have considered the defendant's other contentions and find them to be either unpreserved for our review or without merit. Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CRAWFORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 28, 1980, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not object to the comments made by the prosecutor on summation and, therefore, no error of law was preserved for appellate review *(see, People v Nucci,* 57 NY2d 818). In any event, the prosecutor's remarks concerning the credibility of his witnesses were a fair response to the defense summation which suggested that the People's witnesses had manufactured their story *(see, People v Oakley,* 114 AD2d 473; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912; *cf., People v Stewart,* 92 AD2d 226, 229, 230-231). Moreover, these remarks were a proper comment since the issue of credibility was central to the trial *(see, People v Ashwal,* 39 NY2d 105; *People v Oakley, supra).* Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.