■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL A. SCHIPSKI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harris, J.), rendered August 9, 1984 convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which sought suppression of a certain statement made by him to the police and certain identification testimony.

Ordered that the judgment is affirmed.

At the suppression hearing, Police Sergeant Quinn testified that on February 29, 1984, at about 2:40 A.M., he responded to a radio call of a burglary in progress at a delicatessen. Upon arriving at the scene, he discovered the defendant, inside the store, loading cigarette boxes into a green plastic bag. When Quinn's fellow officers could not gain entrance into the store, Quinn, who had his gun drawn, asked the defendant (through the window of the store) how he got into the store. The defendant replied, "the basement". The other officers then gained entry to the store apparently through the basement and they secured the defendant.

Thereafter, while the defendant was apparently still in the store, Quinn, who was then standing outside the store, was approached by a male civilian. The man stated that earlier in the evening he had been putting out his garbage across the street from the delicatessen when he noticed the defendant in the store. The man further stated that he knew the owners and the workers in the store and since he did not recognize the defendant, he dialed 911. While Quinn had not asked the man to identify the defendant, as the man was talking, he pointed out the defendant who was still in the store.

On this appeal, the defendant claims that his statement concerning his entrance into the store was in response to a gunpoint interrogation by Quinn, who should have advised him of his *Miranda* rights *(Miranda v Arizona,* 384 US 436) prior to questioning him. We disagree. The question asked by Quinn "did not constitute a process of interrogation to which *Miranda* is applicable" *(see, People v Huffman,* 41 NY2d 29, 34).  Quinn's query was clearly designed to enable the officers to gain entrance into the store and not to coerce a statement. *People v Shivers* (21 NY2d 118), relied upon by the defendant, is not controlling, because "in that case a definite crime had been committed, the criminal events at the crime scene had been concluded and the interrogation took place at a distance from the situs of the crime. Here, it was by no means certain that any crime had occurred, the activity, criminal or not, was ongoing, and the question was asked at the scene" *(People v Huffman, supra,* at 34). Accordingly, under the circumstances herein, suppression of the defendant's statement was not required.

With respect to the defendant's challenge to his identification by the male civilian, we find that since there was no identification procedure arranged by the police, the court properly refused to suppress the proposed testimony *(see,* CPL 710.20 [6]; *People v Gissendanner,* 48 NY2d 543, 552). In any event, the defendant failed to meet his burden of proving that the identification was improper or made under unduly suggestive circumstances *(see, People v Medina,* 111 AD2d 190, 191; *People v Jackson,* 108 AD2d 757). Any error with respect to the People's failure to call the civilian as a witness at the *Wade* hearing was not preserved for our review since defense counsel did not object to his absence *(see, People v Mojica,* 122 AD2d 81, *lv denied* 68 NY2d 1002). Further, under the circumstances there was no need to call this witness *(cf., People v Jackson, supra).*

Finally, under the circumstances, the defendant, by pleading guilty, forfeited appellate review of his claim that a hearing should have been held on his motion to dismiss the indictment, which was based upon the ground that he was improperly denied his right to testify before the Grand Jury *(see, People v Ferrara,* 99 AD2d 257). In any event, the record indicates that the defendant failed to set forth sufficient factual allegations warranting a hearing with respect to this claim, which included a contention that he was denied the effective assistance of counsel regarding his right to appear before the Grand Jury *(see, People v Reddy,* 108 AD2d 945,

946). Accordingly, the defendant's motion was properly denied without a hearing. Mangano, J. P., Niehoff, Lawrence and Kooper, JJ., concur.