■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PADRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered May 21, 1985, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erroneously ruled that his statements which could not be introduced into evidence on the prosecution's case-in-chief would be admissible for the purpose of impeachment in the event that he should take the witness stand. Preliminarily, we note that this claim has not been preserved for our review. In any event, the record leads us to conclude that the court's ruling was entirely proper. It is well settled that a statement obtained in violation of a defendant's Miranda rights is inadmissible as evidence-in-chief but may be used to impeach a defendant's credibility if the trustworthiness of the statement satisfies legal standards (see, Harris v New York, 401 US 222; People v Ricco, 56 NY2d 320; People v Walker, 110 AD2d 730). Such use is permissible except where the statement has been obtained through physical or psychological coercion (see, Mincey v Arizona, 437 US 385), through compulsion by operation of law (see, New Jersey v Portash, 440 US 450), or through some other form of police overreaching (cf., Oregon v Hass, 420 US 714). In the instant case, the decision rendered by the court after a Huntley hearing reveals that the court ruled that the defendant's statements to the police were suppressible because they were obtained in violation of his rights. While the court concluded that the statements were in a sense "involuntary," this was clearly in reference to the fact that the police had failed to scrupulously honor the defendant's request not to make any statement. There is no indication that the court's decision was based upon a finding of either physical or psycho-

logical coercion, or some other form of police overreaching, and, thus, the court was justified in ruling that the statements could be admitted for impeachment purposes *(see, People v Maerling,* 64 NY2d 134; *People v Caban,* 79 AD2d 1031).

We find to be without merit the defendant's contention that the trial court improperly allowed the People to impeach their own witness (the defendant's brother) with his prior inconsistent Grand Jury testimony. The requirements of CPL 60.35 were clearly met in this case since the witness's trial testimony contradicted and tended to disprove other evidence presented by the prosecution. Specifically, the witness's testimony negated the People's evidence that the shooting was intentional, and this testimony, if left unexplained, could have affirmatively damaged the People's case *(see, People v Fitzpatrick,* 40 NY2d 44; *People v Morales,* 118 AD2d 663).

Furthermore, we reject the defendant's claim that his guilt was not proven beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Lastly, we reject the defendant's claim that his sentence was excessive. Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.