■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD BATTEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered October 1, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of

that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The evidence adduced at trial establishes beyond a reasonable doubt that on November 4, 1983, at approximately 11:30 A.M., the defendant and an accomplice murdered the owner of a furniture store located at 1200 Flatbush Ave., Brooklyn, New York. The chief witness for the prosecution, an employee at the store, observed the two men at close range for several minutes prior to the incident as they pretended to shop for furniture. He then observed the two men as they closed the door to the store, and as they approached the store owner. According to this witness, the defendant produced a .25 caliber automatic and his accomplice produced a revolver. They demanded that the store owner give them his money. The owner complied, but the defendant demanded more. The two men then ordered the witness to move backward towards the rear of the store. As the witness did so, he heard two gun shots and he then fled through a store window. After reentering the store, the witness observed the victim lying on the floor, fatally wounded. The victim later died as the result of wounds inflicted by a .25 caliber bullet which penetrated his heart and lung.

Later that day, this witness selected a photograph of the defendant from a photographic array and identified him as one of the assailants. This identification was made despite the fact that the defendant, at the time of the incident, had a different hairstyle and different facial hair than he had at the time the photograph of him was taken. Also, this witness observed the defendant, by accident, a few days later at the police precinct.

At trial, the defendant's position was that he was the victim of a mistaken identification. He produced certain witnesses in support of his alibi defense whose testimony, if believed, tended to show that the defendant was somewhere else at the time of the incident. The jury evidently disbelieved this testimony and, in light of the extremely reliable nature of the eyewitness identification in this case, we do not believe that the verdict is against the weight of the evidence.

The defendant further argues that the judgment of conviction must be reversed because the trial court failed to include in its charge to the jury an explicit instruction that the prosecution had the burden of disproving the defendant's alibi beyond a reasonable doubt (see, People v Victor, 62 NY2d 374).

However, the defendant took no exception to this aspect of the charge and he has therefore failed to preserve this issue for appellate review *(see, People v Hoke,* 62 NY2d 1022; *People v Hewlett,* 133 AD2d 418, *affd* 71 NY2d 841; *People v Koleskor,* 131 AD2d 879, *lv denied* 70 NY2d 801; *People v Washington,* 131 AD2d 795, *lv denied* 70 NY2d 878). Since the trial court, in its charge, advised the jury that they should acquit the defendant if his alibi evidence raised a reasonable doubt as to his guilt, and since the trial court also emphasized that the defendant had no burden to prove his alibi, we do not consider the trial court's charge to be so flawed as to warrant a new trial in the interest of justice *(see, People v Koleskor, supra; People v Walker,* 104 AD2d 573; *People v Thompson,* 97 AD2d 554).

Turning to the defendant's remaining contentions, we find that the accidental station house viewing of the defendant by the witness did not constitute a police-arranged identification procedure, and hence there was no error in denying that branch of the defendant's omnibus motion which was to suppress identification testimony *(see, People v Magsamen,* 128 AD2d 646, *lv denied* 70 NY2d 650; *People v Bookhart,* 117 AD2d 739, 740). Further, the trial court did not err in permitting the prosecution to use a pretrial statement made by the defendant in order to impeach his credibility at trial *(see, Harris v New York,* 401 US 222; *People v Ricco,* 56 NY2d 320; *People v Padron,* 134 AD2d 625, *lv denied* 71 NY2d 900). In fact, this statement should have been admissible as part of the prosecution's evidence-in-chief, because the evidence adduced at the pretrial hearing indicates that it was made by the defendant spontaneously. This issue was, in any event, not properly preserved for appellate review.

We have examined the defendant's remaining contentions and find that they are likewise unpreserved for appellate review or meritless. The judgment appealed from is accordingly affirmed. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.