■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE RAWLINGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered September 6, 1983, convicting him of rape in the first degree (two counts), robbery in the first degree (two counts), sexual abuse in the first degree, robbery in the second degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we are convinced that he was not deprived of a fair trial. The testimony of an Assistant District Attorney who related that the robbery victim had previously identified the defendant at a corporeal lineup was not improperly received since the victim was unable to identify the defendant at trial (CPL 60.25; *see, People v Nival,* 33 NY2d 391, *appeal dismissed and cert denied* 417 US 903). The introduction of the photograph of the lineup and the testimony of the Assistant District Attorney as to the makeup of the lineup did not impermissibly bolster the identification as this evidence merely enabled the jury to best assess whether the lineup was generally fair, or as contended by the defendant at trial, unduly suggestive *(cf., People v Sims,* 127 AD2d 712, 713-714; *People v Mojica,* 122 AD2d 81, *lv denied* 68 NY2d 1002).

Nor was the defendant deprived of a fair trial by the statements of the prosecutor during summation. We note that many of the defendant's arguments raised on appeal were not objected to at trial and hence any error of law with respect thereto was unpreserved for appellate review (CPL 470.05 [2]; *see, People v Bowen,* 50 NY2d 915). In any event, the prosecutor's statements in toto were not improper as his alleged "vouching" for the People's witnesses was a fair response to the defense summation which impugned the credibility of these witnesses *(see, People v Crawford,* 130 AD2d 678). The prosecutor's other statements were similarly proper under the circumstances *(see, People v Koleskor,* 131 AD2d 879, *lv denied* 70 NY2d 801; *People v Turner,* 120 AD2d 629, *lv denied* 68 NY2d 673; *People v Gavins,* 118 AD2d 582, *lv denied* 67 NY2d 1052; *People v Oakley,* 114 AD2d 473, *lv denied* 66 NY2d 921).

We do not believe that the trial court improperly sentenced the defendant to the terms imposed *(see, People v Suitte,* 90 AD2d 80, 83). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.