■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY CONNERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 30, 1987, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the first

count of the indictment under which the defendant was convicted of manslaughter in the first degree is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics, 57 NY2d 726),* and a new trial is ordered on the remaining counts. The facts have been considered and are determined to have been established.

We find that the trial court committed reversible error by submitting to the jury, over defense counsel's objection, a verdict sheet containing not only the crimes charged and the possible verdicts thereon *(see,* CPL 310.20 [2]), but also the elements of those charges *(see, People v Nimmons,* 72 NY2d 830; *People v Owens,* 69 NY2d 585; *People v Valle,* 143 AD2d 160; *People v Testaverde,* 143 AD2d 208; *People v Gillispie,* 144 AD2d 482).

We also note the misconduct committed by the prosecutor during summation. The prosecutor's numerous summation errors included expressing his personal opinion of the defendant's guilt *(see, People v Simmons,* 110 AD2d 666, 667), accusing one of the eyewitnesses to the crime of testifying falsely *(see, People v Bailey,* 58 NY2d 272), referring to matters not in evidence and calling upon the jury to draw conclusions which were not fairly inferable from the evidence *(see, People v Ashwal,* 39 NY2d 105, 109), and improperly vouching for the truthfulness of one of his witnesses *(see, People v Blowe,* 130 AD2d 668). While some of the prosecutor's comments may have been justified by defense counsel's summation comments *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), we conclude that the pervasive improprieties in this case exceeded the realm of reasonable response to defense counsel's arguments *(see, People v Wandoloski,* 128 AD2d 568).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.