■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GILMORE, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 29, 1988, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The prosecutor's remark that "the [two] people who did not do the shooting testified and sat right in this witness stand and told you their version of the facts" did not constitute an improper comment on the defendant's failure to testify. An adverse inference from the defendant's failure to testify was not an inevitable conclusion to be drawn from the prosecutor's statement *(see, People v Garcia,* 51 AD2d 329, *affd* 41 NY2d 861; *People v Brooks,* 117 AD2d 972). Further, any adverse impression from the defendant's failure to testify was created by the defense counsel's opening statement in which he said that the defendant would take the stand and in which he set

forth the substance of the defendant's intended testimony *(see, United States v Robinson,* 485 US 25, 99 L Ed 2d 23; *Lockett v Ohio,* 438 US 586).

Additionally, it is evident that the defendant's claim that the question of whether the witness George Murdock was an accomplice as a matter of fact should have been submitted to the jury has not been preserved for appellate review since the defense counsel never requested such an instruction or objected to its absence but, instead, requested an instruction that Murdock was an accomplice as a matter of law *(see,* CPL 470.05 [2]; *People v Calandro,* 127 AD2d 675, 676; *cf., People v Tusa,* 137 AD2d 151, 155-156). In any event, different inferences could not reasonably be drawn from the proof adduced at trial as to Murdock's awareness of or complicity in the criminal enterprise *(see,* CPL 60.22 [2]; *People v Tucker,* 72 NY2d 849). Moreover, "where a witness's status as an 'accessory after the fact' is in dispute, there is no need for a jury resolution of that question" *(People v Vataj,* 121 AD2d 756, 758, *revd on other grounds* 69 NY2d 985; *see, People v Tusa, supra,* at 157-158).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Lawrence and Rosenblatt, JJ., concur.