■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE LARSEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered April 16, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of trial, the prosecution elicited testimony from the arresting officer in which he repeated the contents of the description of the perpetrator as received over the police radio. On appeal, the defendant contends, inter alia, that the admission of this testimony, which allegedly impermissibly bolstered the complaining witnesses' identification of the defendant (see, People v Trowbridge, 305 NY 471), deprived him of a fair trial.

Although the police officer did not state that the defendant matched the description given by the radio transmission, the jury could have reasonably so inferred. Thus, we agree with the defendant that the police officer's testimony implicitly bolstered the identification testimony and that it was error to admit this testimony (see, People v Williams, 109 AD2d 906). Nevertheless, we find the error harmless (see, People v Crimmins, 36 NY2d 230; see also, People v Johnson, 57 NY2d 969, 970).

The defendant also attributes prejudicial error to certain of the prosecutor's remarks in summation. In one instance, the court sustained defense counsel's objection to the prosecutor's remarks and gave the jury instructions which effectively cured any possible prejudice to the defendant. Defense counsel did not request further curative instructions or move for a mistrial. Thus, the defendant's claim of error with respect thereto is not preserved for appellate review (see, People v Medina, 53 NY2d 951, 953). Defense counsel failed to make any objection at all to another allegedly improper comment made by the prosecutor and hence this claim of error is also unpreserved for appellate review (see, CPL 470.05 [2]). Of the remaining allegedly prejudicial comments, we find that none exceeded the bounds of permissible rhetorical comment (see, People v Galloway, 54 NY2d 396).

We note that the sentence imposed upon the defendant was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions

and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.