■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP A. BARIS, JR., Appellant.—Judgment unanimously affirmed. memorandum: Defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree arising from separate transactions on August 4 and 24, 1985. There is no merit to defendant's contention that those convictions were not supported by legally sufficient evidence. The jury could have inferred from the circumstances of defendant's possession that he knew the bags contained a controlled substance (see, People v Reisman, 29 NY2d 278, 285, cert denied 405 US 1041).

Defendant did not object to the prosecutor's comments on summation and thus the issue of prosecutorial misconduct has not been preserved for our review (see, CPL 470.05 [2]; People v Jordan, 148 AD2d 921). Defendant correctly notes that several comments by the prosecutor were improper. The trial court, however, gave detailed jury instructions which cured most of the improprieties, and the remaining comments were not so egregious as to deprive defendant of a fair trial (see, People v Plant, 138 AD2d 968, lv denied 71 NY2d 1031; People v Broadus, 129 AD2d 997, lv denied 70 NY2d 643). Accordingly, we decline to exercise our discretionary review power (see, CPL 470.15 [6]).

Finally, we conclude that imposition of concurrent terms of

imprisonment of 6 to 18 years was not harsh or excessive. (Appeal from judgment of Oneida County Court, Reilly, Jr., J. —criminal sale of controlled substance, third degree.) Present —Dillon, P. J., Callahan, Denman, Balio and Davis, JJ.