◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SNYDER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's claim that he was deprived of a fair trial by prosecutorial misconduct during summation has not been preserved for our review because no objections were made to the prosecutor's comments (CPL 470.05 [2]; *see, People v Dawson,* 50 NY2d 311, 324). Moreover, reversal is not warranted in the interest of justice because the alleged improprieties were either within the broad rhetorical bounds granted to the prosecutor in closing argument or were made in response to defense counsel's comments on summation *(see, People v Galloway,* 54 NY2d 396, 399-400; *People v Phillips,* 156 AD2d 1001; *People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895).

We likewise find no merit to defendant's claim that he was denied his right to a fair trial by the admission into evidence of certain photographs. The determination whether evidence is relevant is entrusted to the discretion of the trial court *(People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998). Photographs of the deceased in a homicide case are admissible if they tend to prove a disputed or material issue or to corroborate some other evidence *(People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Murray,* 140 AD2d 949, 950, *lv denied* 72 NY2d 960). Here, the black and white photographs depicting the victim's body at the scene of the crime were relevant to corroborate the testimony of the People's witnesses that the victim was unarmed and shot in the back, thus controverting defendant's claim of self-defense. Accordingly, the trial court properly weighed the probative value of such photographs against their potential prejudicial effect and did not abuse its discretion in admitting them into evidence.

Finally, we find that defendant's sentence was not harsh and excessive. (Appeal from judgment of Supreme Court, Erie County, Connell, J.—manslaughter, first degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ. (Order entered Apr. 27, 1990.)