■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE GIBBS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered May 21, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial overwhelmingly established that the defendant was 1 of 3 men who perpetrated an armed street robbery and who was thereafter arrested in possession of the gun used during the robbery when he attempted to prevent the arrest of a codefendant who was found in possession of the victim's wallet, money, and other personal property.

Contrary to the defendant's contentions, he was not denied a fair trial as a result of prosecutorial misconduct during the People's summation. While the prosecutor did employ some colorful language in an emphatic summation, his statements were not improper in the context of this case. The prosecutor's summation did not occur in a vacuum (see, People v Gavins, 118 AD2d 582) and it may only be fairly evaluated in comparison to the summations presented by the defense (see, People v Blackman, 88 AD2d 620, 621). In this case three defense attorneys presented summations during which they impugned the credibility of prosecution witnesses so that the prosecution's summation constituted a properly responsive attempt to rehabilitate the credibility of these same witnesses (see, People v Rawlings, 144 AD2d 500; People v Crawford, 130 AD2d 678; People v Turner, 120 AD2d 629). Even were we to regard the prosecutor's summation as having gone beyond the realm of that which is properly responsive rehabilitative rhetoric, in light of the overwhelming evidence of guilt any prosecutorial misconduct complained of would constitute harmless error (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837; People v Crimmins, 36 NY2d 230).

The manner in which the court marshaled the evidence did not deny the defendant a fair trial (see, People v Saunders, 64 NY2d 665; People v McDonald, 144 AD2d 701; People v Alvarado, 130 AD2d 663; see also, People v Cutwright, 149 AD2d 608), nor was the defendant prejudiced by the court's alibi charge (see, People v Batten, 141 AD2d 746).

We have reviewed the defendant's remaining contentions and find them to be without merit (see, e.g., People v Baker, 153 AD2d 865; People v Brown, 150 AD2d 472). Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.