■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID A. JABBAR, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of murder in the second degree, manslaughter in the second degree, two counts of burglary in the first degree, two counts of attempted robbery in the first degree, two counts of sodomy in the first degree, rape in the first degree, assault in the second degree, two counts of criminal possession of a weapon in the second degree, and one count of criminal use of a firearm in the first degree. He was sentenced to indeterminate terms of 20 years

to life on the murder conviction, 5 to 15 years on the manslaughter and attempted robbery convictions, and 8⅓ to 25 years on the burglary first convictions, all of which were to run concurrently with each other. He also was sentenced to indeterminate terms of 8⅓ to 25 years on the rape and sodomy convictions, 2⅓ to 7 years on the assault conviction, 5 to 15 years on each of the criminal possession of a weapon convictions, and 8⅓ to 25 years on the criminal use of a firearm conviction, to run concurrently with each other and consecutive to the sentence on the murder conviction.

Defendant's conviction arises out of an incident that occurred during the early morning hours of July 30, 1988 when he forcibly broke into a home in the City of Buffalo while armed with a gun. Once inside, he accosted a female acquaintance and demanded money and drugs from her. When her nephew came to her aid, defendant shot him in the chest and took the man's wallet from his pocket. Defendant then ordered the woman to commit oral sodomy and threatened to shoot her if she refused. He also engaged in vaginal and anal intercourse with her. The commotion alerted the victim's daughter, who managed to get out of the house and summon the police. The police apprehended defendant. When defendant was placed under arrest, the nephew's wallet was found in his possession. The nephew died as a result of the shooting.

Defendant contends that on summation the prosecutor vouched for the credibility of the complainant, improperly attacked the credibility of defendant, and improperly appealed to the emotions of the jury. Since there were no objections to any of those claimed improprieties, those issues have not been properly preserved for appellate review (CPL 470.05 [2]; *People v Baris,* 161 AD2d 1144; *People v Snyder,* 161 AD2d 1205). Moreover, while several of the comments made by the prosecutor were improper, most of the comments were made in response to defense counsel's argument and were not so egregious that defendant was deprived of a fair trial *(see, People v Baris, supra; People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031). In addition, the proof of guilt was overwhelming and any error was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Morgan,* 66 NY2d 255, 259). The trial court did not err in admitting evidence that defendant, at the time of his arrest, possessed a wallet belonging to the decedent. There is no merit to defendant's claim that this was evidence of an uncharged crime since it implied that defendant was using the wallet to disguise his own identity. That was not evidence of an uncharged crime, but instead was

relevant and probative to establish the crimes charged. The court likewise properly admitted statements which defendant made to police at the scene of the crime. The record establishes that such statements were spontaneous and not the product of interrogation or conduct by the police *(see, People v Lynes,* 49 NY2d 286, 295; *People v Allnutt,* 148 AD2d 993, *lv denied* 74 NY2d 736).

From our review of the record, we conclude that the rape and sodomy convictions are not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The complainant's testimony, which was obviously believed by the jury, was clearly sufficient to establish that defendant forcibly raped her and forced her to commit sodomy. A review of the record reveals that defendant received "meaningful representation", thus satisfying the constitutional requirement *(People v Baldi,* 54 NY2d 137, 147).

Supreme Court did err, however, in ordering that the sentence for criminal possession of a weapon in the second degree should run consecutive to the conviction for felony murder because those two crimes arose out of the same criminal act *(see, People v Johnson,* 149 AD2d 910). Thus, we modify the judgment so that those two sentences run concurrently. Otherwise, the combination of concurrent and consecutive sentences was proper and should not be disturbed. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—murder, second degree.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.