■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY MILES, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from convictions for burglary and criminal mischief, following a jury trial, defendant concedes that there was no objection made to any of the claimed improprieties of the prosecutor during summation. Thus, this issue has not been properly preserved for appellate review (CPL 470.05 [2]; *People v Jabbar,* 166 AD2d 904; *People v Baris,* 161 AD2d 1144; *People v Snyder,* 161 AD2d 1205) and we decline to exercise our discretion in the interest of justice. At oral argument, the People candidly conceded that the prosecutor, on several occasions, "crossed the line", but argued that the prosecutor's summation did not deprive defendant of a fair trial and that, in any event, any error was harmless in view of the overwhelming evidence of guilt. We agree. Although the prosecutor was overzealous and improperly vouched for the credibility of the police officers who appeared

as prosecution witnesses and attacked the credibility of the defense case as a "story" which had been "made up to try to counter the truth", we conclude that defendant was not deprived of a fair trial *(see, People v Morgan,* 66 NY2d 255, 259; *People v Galloway,* 54 NY2d 396; *People v Dunn,* 158 AD2d 941; *People v Widger,* 126 AD2d 962, *lv denied* 69 NY2d 1011). Moreover, the proof of guilt was overwhelming and any error was harmless *(see, People v Morgan, supra; People v Crimmins,* 36 NY2d 230). The jury gave the evidence the weight it should be accorded and there is no basis in this record to set aside the verdict as against the weight of the evidence *(People v Bleakley,* 69 NY2d 490, 495). Given defendant's prior criminal history, it cannot be said that the sentencing court abused its discretion in sentencing defendant to an indeterminate term of 6 to 12 years. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, second degree.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.