THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WRIGHT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), burglary in the first degree (Penal Law § 140.30) and criminal possession of a weapon in the third degree (Penal Law § 265.02) arising out of the stabbing death of his ex-wife in her Lockport, New York home. Prior to trial, the People, in accordance with People v Ventimiglia (52 NY2d 350), properly sought a ruling from the court as to whether they could introduce evidence of defendant's prior criminal and bad acts in order to establish defendant's intent and

motive and to negate his claims of self-defense and justification. County Court, in a written decision, concluded that the probative value of such evidence exceeded its potential for unfair prejudice and permitted the People to utilize certain acts of uncharged misconduct as evidence-in-chief. We agree that proof of defendant's prior acts of violence against his ex-wife was properly admissible to show his intent and motive in committing the charged crimes (see, People v Alvino, 71 NY2d 233, 241-243; People v Molineux, 168 NY 264, 293; People v Willsey, 148 AD2d 764, lv denied 74 NY2d 749; People v Castrechino, 134 AD2d 877, lv denied 70 NY2d 1005). Moreover, the court properly gave limiting instructions to the jury (see, People v Beam, 57 NY2d 241, 249). Upon our review of the record, we also conclude that the evidence was legally sufficient to convict defendant and that his convictions were not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). There is likewise no merit to defendant's claim that his sentence was harsh and excessive. In addition, defendant has not preserved his claim that misconduct by the prosecutor during summation deprived him of his right to a fair trial (CPL 470.05 [2]; People v Jabbar, 166 AD2d 904), and we decline to reach it in the interest of justice (CPL 470.15 [6]). (Appeal from judgment of Niagara County Court, DiFlorio, J.—murder, second degree.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.