■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RIVERA, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 2, 1988, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of an undercover narcotics operation conducted by the Brooklyn South Narcotics force on November 4, 1987. At approximately 5:00 P.M., an undercover officer purchased two packets of cocaine from the defendant and the codefendant Jaime Lopez on the street in front of a bar. The transaction consisted simply of an exchange of the drug for cash. A few minutes later a second undercover officer conducted a second drug purchase from the defendant and the codefendant. The arresting officers recovered a brown paper bag near the feet of the defendant and the codefendant, which contained two additional plastic bags of cocaine. The prerecorded money was also recovered from the defendant's pocket.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). It is obvious from the verdict that the jury found the People's witnesses credible, and found the defendant's and the codefendant's testimony that they were framed by the police not credible. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review and we decline to consider them in the exercise of our interest of justice jurisdiction (see, People v Charleston, 56 NY2d 886; People v Rawlings, 144 AD2d 500). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.