■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JAKES, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered April 2, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor's remarks during summation improperly bolstered the complainant's testimony, denigrated the defense, and appealed to the emotions of the jury, were not preserved for appellate review, since the defendant either failed to object to the remarks during the trial or failed to request curative instructions after the trial court sustained his objections (see, CPL 470.05 [2]; *People v Medina*, 53 NY2d 951, 953; *People v Larsen*, 157 AD2d 672). In any event, the defendant's contentions are without merit. The prosecutor's repeated reference to the complainant taking the stand was not improper bolstering of that witness, since it was a fair response to the defense's attack on the complainant's reliability (see, *People v Gibbs*, 166 AD2d 454; *People v Rawlings*, 144 AD2d 500). Further, these remarks did not constitute improper comments on the defendant's failure to take the stand (see, *People v Gilmore*, 152 AD2d 743). The prosecutor's remarks to the effect that the defense was trying to divert the jury from the complainant's identification was fair comment on the defense's summation. Although the prosecutor's comments that there was "no one willing to help [the complainant]" and "nobody else willing to identify these defendants" did not constitute comments on matters in the record, but rather constituted comments on matters dehors the record, they did not prejudice the defendant (see, *People v Gilmore, supra; People v Smith*, 181 AD2d 927 [decided herewith]).

We also find that the defendant waived his objections to the trial court's identification charge since it was essentially given as requested and the defendant failed to alert the trial court that he was not satisfied with it (see, *People v Whalen*, 59 NY2d 273, 279-280). In any event, we find the trial court's charge on identification was in accordance with *People v Daniels* (88 AD2d 392), since the charge instructed the jury to focus on the accuracy of the identification as well as the veracity of the complainant.

The sentence imposed was not excessive. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.