◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY SMITH, Also Known as MARK SMALLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered April 2, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted based upon the identification of the complainant, who had two opportunities to view the defendant on the night of the robbery. Prior to the robbery, the complainant observed the defendant walking towards him for approximately two minutes. Then, during the robbery, the defendant stood beside the complainant in a well-lit area and the complainant observed him for another two minutes.

Viewing this evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the men who robbed the complainant beyond a reasonable doubt. Although the complainant's trial testimony regarding the defendant's height differed from his description to the police, this inconsistency did not render his testimony incredible as a matter of law (see, People v Crowder, 147 AD2d 583; People v Di Girolamo, 108 AD2d 755). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that the prosecutor's remarks during summation improperly bolstered the complainant's testimony, denigrated the defense, and appealed to the emotions of the jury were not preserved for appellate review, since the defendant either failed to object to the remarks during the trial or failed to request curative instructions after the trial court sustained his objection (see, CPL 470.05 [2]; People v Medina, 53 NY2d 951, 953; People v Larsen, 157 AD2d 672). In any event, the defendant's contention is without merit. First, the prosecutor's repeated reference to the complainant taking the stand was not improper bolstering of that witness, since it was a fair response to the defense's attack on the complain-

ant's reliability *(see, People v Gibbs,* 166 AD2d 454; *People v Rawlings,* 144 AD2d 500). Further, these remarks did not constitute an improper comment on the defendant's failure to take the stand *(see, People v Gilmore,* 152 AD2d 743). The prosecutor's remarks to the effect that the defense was trying to divert the jury from the complainant's identification was fair comment on the defense's summation. Although the prosecutor's comments that there was "no one willing to help [the complainant]" and "nobody else willing to identify these defendants" did not constitute comments on matters in the record, but rather constituted comments on matters dehors the record, those comments did not prejudice the defendant *(see, People v Gilmore, supra; People v Jakes,* 181 AD2d 913 [decided herewith]).

The sentence imposed was not excessive. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.