■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WRIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered May 1, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 2:00 P.M. on August 9, 1989, the defendant sold three vials of cocaine to an undercover police officer in front of a building located at 14-76 Beach Channel Drive in Queens. The sale was made in the presence of a second undercover officer. After the transaction was completed, and as they were returning to their car, the two undercover officers transmitted, via radio, a description of the defendant and the location of the drug transaction, to a field team. Responding within several minutes of the radio transmission, two members of the field team went inside the building located at 14-76 Beach Channel Drive and arrested the defendant. The undercover officer who purchased the drugs confirmed the defendant's identity as the seller immediately after the arrest. Both he and the second officer who witnessed the transaction identified the defendant as the seller at the trial.

The defendant's sole contention on appeal is that he was deprived of a fair trial because of certain allegedly improper comments made during the prosecutor's summation.

The defendant's claim is not preserved for appellate review because he failed to make a timely and specific objection in the trial court (see, CPL 470.05 [2]). In any event, the allegedly improper comments were, in the main, a fair response to comments made during the defense counsel's summation (see, People v Lowe, 117 AD2d 755; People v Gibbs, 166 AD2d 454), and the effect of the claimed error, if any, must be deemed

harmless in light of the overwhelming evidence of guilt *(see, People v Delasmatas-Bujosa,* 180 AD2d 811; *People v Gibbs, supra; People v Miles,* 167 AD2d 936).* Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.