■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McCOLLOUGH, Appellant. [610 NYS2d 870] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered December 13, 1990, convicting him of murder in the second degree and burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the burglaries of two apart-

ments in the same building. During the course of one of the burglaries, he beat and strangled an 83-year-old woman to death.

Applying the standard of review for convictions based on circumstantial evidence, the evidence is legally sufficient to establish the defendant's guilt for the murder and burglary of the victim Brostoff (see, People v Kennedy, 47 NY2d 196; People v Benzinger, 36 NY2d 29; People v Gates, 24 NY2d 666; People v Hunter, 191 AD2d 645; People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Many of the alleged claims of error which occurred during summation are not preserved for appellate review. In any event, any error in the prosecutor's summation does not warrant reversal of the defendant's judgment of conviction (see, People v Whalen, 59 NY2d 273; People v Bailey, 58 NY2d 272; People v Ashwal, 39 NY2d 105; People v Conners, 149 AD2d 722).

The defendant's arguments concerning the court's charge on the burglary counts are not preserved for appellate review (see, CPL 470.05 [2]; People v Gaines, 74 NY2d 358). In any event, in light of the concededly correct supplemental charges, the charge as a whole conveyed the proper standard (see, People v Coleman, 70 NY2d 817; People v Richardson, 117 AD2d 825).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.