■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE PILGRIM, Appellant. [617 NYS2d 847] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 5, 1992, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]; People v Allah, 71 NY2d 830; People v La Belle, 18 NY2d 405; People v Ramos, 166 AD2d 468).

The court did not err in ruling that the defendant could be impeached by a post-arrest statement he made that was suppressed as having been taken in violation of his Miranda rights (see, People v Maerling, 64 NY2d 134; People v Padron, 134 AD2d 625).

Although several comments by the prosecutor during summation would have been better left unsaid, even if this Court were to reach all of the alleged errors asserted by the defendant, including those unpreserved for appellate review, they would not warrant reversal of the defendant's judgment of conviction (see, People v Whalen, 59 NY2d 273; People v Bailey, 58 NY2d 272; People v Ashwal, 39 NY2d 105; People v Conners, 149 AD2d 722; People v Torriente, 131 AD2d 793).

The trial court properly denied the defendant's request to charge the jury on circumstantial evidence. A jury must be instructed with regard to circumstantial evidence only when the evidence of guilt is solely circumstantial, which was not the case here (see, People v Ford, 66 NY2d 428; People v Rodriguez, 135 AD2d 586, lv denied 70 NY2d 1010).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.