■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON JOSEPH, Appellant. [635 NYS2d 34] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Demarest, J.), both rendered January 11, 1993, convicting him of (1) criminal possession of a weapon in the third degree under Indictment No. 13084/90, upon his plea of guilty, and (2) criminal possession of a weapon in the second degree under Indictment No. 8143/91, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

At approximately 5:00 A.M. on May 5, 1991, the defendant and the codefendant Errol "Batman" Baptiste accosted Ricky Thomas and Thomas's cousin Martin Williams outside a nightclub in Brooklyn. The defendants, each armed with a handgun, attacked and threatened to kill Thomas and Williams. Thomas fled and the defendant and codefendant pursued him, firing at him repeatedly. Police officers arrived on the scene and found Thomas lying dead in the street.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant has not preserved for appellate review his claim that the court erred by not issuing a circumstantial evidence charge *(see,* CPL 470.05 [2]; *People v Burgos,* 170 AD2d 689). In any event, the circumstantial evidence charge is required only when the evidence of guilt is exclusively circumstantial, which was not the case here *(see, People v Ford,* 66 NY2d 428; *People v Pilgrim,* 208 AD2d 868). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.