■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ORTIZ, Appellant. [637 NYS2d 741] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 17, 1993, convicting him of assault in the first degree (two counts), upon a jury verdict, and

imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Suppression of the defendant's statements to the police was properly denied as the evidence adduced at the hearing established that there was probable cause for his warrantless arrest. Based on information provided at the scene by a victim of the assault and a bystander, the investigating detective could reasonably conclude that a crime had been committed and that it was "more probable than not" that the defendant was the perpetrator (see, People v Carrasquillo, 54 NY2d 248, 254; People v McRay, 51 NY2d 594, 602). Since the detective had the requisite probable cause, the officer who arrested the defendant for the assault based on a communication from the precinct is deemed to have acted with probable cause (see, People v Rosario, 78 NY2d 583, 588, cert denied 502 US 1109). Accordingly, the statements obtained from the defendant following his arrest were not the product of an illegal arrest.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The court properly declined to give a circumstantial evidence charge, as direct evidence of guilt was presented (see, People v Ford, 66 NY2d 428; People v Pilgrim, 208 AD2d 868).

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.