■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAU CHAN, Appellant. [663 NYS2d 650] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 25, 1995, convicting him of kidnapping in the first degree (four counts), burglary in the first degree, robbery in the first degree (two counts), grand larceny in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant and his codefendant kidnapped two victims and held them in a basement apartment. The defendant was ultimately arrested at that apartment. As several law enforcement officials were escorting the defendant up from the basement, the victims saw him. They immediately pointed at him,

proclaiming that the defendant was one of the men who had kidnapped them. Under such circumstances, the court did not err in denying suppression of the victims' identification testimony (*see, People v Duuvon*, 77 NY2d 541; *People v Riley*, 70 NY2d 523; *People v Gonzalez*, 229 AD2d 594; *People v Carney*, 212 AD2d 721; *People v Dawson*, 185 AD2d 854; *People v Batten*, 141 AD2d 746).

The sentence imposed was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.